**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Dominique J. Winters,
Plaintiff(s),
v.
Carshare Direct, LLC, et al.,
Defendant(s).

Case No. 2:26-cv-02109-GMN-NJK

**Order**

[Docket No. 1]

Pending before the Court is Plaintiff's application to proceed *in forma pauperis*. Docket No. 1.

The Court may authorize the commencement of an action without prepayment of fees and costs, or security therefor, by a person who has been shown to be "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Courts have broad discretion in deciding whether a plaintiff has sufficiently shown an inability to pay the filing fee. *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). While an applicant need not be absolutely destitute to qualify for a waiver of fees, the applicant must demonstrate an inability to pay those fees while still providing for the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). "Courts may look beyond an *in forma pauperis* application to determine an applicant's true financial condition." *Olteanu v. Schneider*, 2025 U.S. Dist. Lexis 108918, at *7 (D. Nev. May 6, 2025), *adopted*, 2025 U.S. Dist. Lexis 107749 (D. Nev. June 5, 2025). Courts may make a factual inquiry into the allegation of poverty. *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Plaintiff indicates that she[1] has been unemployed for at least two years, has no income, has zero money in cash or banking accounts, and has no assets,[2] but also that she has regular monthly

---

[1] Plaintiff's papers are inconsistent in pronoun usage. *See, e.g.*, Docket No. 1 at ¶¶ 10, 15. The Court herein will refer to Plaintiff as she or her.

[2] Plaintiff's application to proceed *in forma pauperis* identifies no ownership of a motor vehicle, Docket No. 1 at 3, despite the complaint indicating that Plaintiff purchased a motor vehicle two months ago, Docket No. 1-1 at ¶¶ 7-15.

expenses of $1,550. Docket No. 1 at 1-4. As explained by United States Magistrate Judge Elayna J. Youchah, there is reason to doubt the accuracy of this recitation of Plaintiff's financial situation: "An individual cannot live on zero dollars, which is what Plaintiff professes. Even if an applicant has no loan payments, gas, electric, food, and other necessities of life are not free." *Tiffany v. Cannon*, 2023 WL 2876828, at *1 (D. Nev. Mar. 16, 2023). In short, the financial picture provided by Plaintiff is a logistical impossibility. Making matters worse, Plaintiff's case is predicated on allegations of a car purchase for thousands of dollars less than two months ago. *See* Docket No. 1 at ¶¶ 7-8. It is unclear how Plaintiff apparently had thousands of dollars available for downpayment and could apparently qualify for a car loan less than two months ago, but has no income or assets now and has not been employed for at least two years.[3]

In light of the above, the Court **DENIES** without prejudice the application to proceed *in forma pauperis*. No later than August 5, 2026, Plaintiff must either (1) pay the filing fee or (2) seek *in forma pauperis* status by refiling the long form application. If Plaintiff chooses the latter course, she must ensure that all questions are answered completely and accurately. If Plaintiff maintains therein the same financial information that is currently before the Court, she must also provide detailed explanation as to how she pays her bills and otherwise maintains the necessities of life. Failure to comply with this order may result in a recommendation of dismissal.

The Court **INSTRUCTS** the Clerk's Office to send Plaintiff the approved long form application to proceed *in forma pauperis* by a non-prisoner, as well as the document entitled information and instructions for filing an *in forma pauperis* application.

IT IS SO ORDERED.

Dated: July 15, 2026

Nancy J. Koppe
United States Magistrate Judge

[3] There are also other inconsistencies in the papers. For example, Plaintiff's application to proceed *in forma pauperis* represents that she resides in Gwinnett County, Docket No. 1 at 5, but her complaint alleges that she resides in Clark County, Docket No. 1-1 at ¶ 3. Plaintiff must carefully review all of her filings and ensure that they are accurate. *See, e.g.*, Fed. R. Civ. P. 11.