**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Dominique J. Winters,

Plaintiff(s),

v.

Carshare Direct LLC, et al.,

Defendant(s).

Case No. 2:26-cv-02109-GMN-NJK

**Order**

[Docket No. 4]

Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 4.

## I. *In Forma Pauperis* Application

Plaintiff filed an affidavit required by § 1915(a). Docket No. 4. Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the application to proceed *in forma pauperis* (Docket No. 4) will be granted pursuant to 28 U.S.C. § 1915(a).

## II. Screening the Complaint

Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Litigants are required to provide a short, plain statement of their claims setting forth coherently who is being sued, for what relief, and on what theory, with enough detail to guide discovery. *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Litigants cannot file "shotgun pleadings" in which they raise factual allegations without connecting them to particular defendants and particular causes of action. *See, e.g.*, *Gibson v. City of Portland*, 165 F.4th 1265, 1287-90 (9th Cir. 2026) ("It is not the job of the district courts to make sense of the pleading, to supply facts to support the claim, or to imagine the claims that might fit the facts"). Although the pleadings of *pro se* litigants are construed liberally, they must still comply with Rule 8. *E.g.*, *Montgomery v. Las Vegas Metro. Police Dept.*, 2014 WL 3724213, at *3 n.3 (D. Nev. July 28, 2014). When litigants have not complied with the dictates of Rule 8(a), courts may dismiss the complaint *sua sponte*. *See, e.g.*, *Apothio, LLC v. Kern Cnty.*, 599 F. Supp. 3d 983, 1000 (E.D. Cal. 2022) (collecting cases).

Plaintiff has filed a shotgun complaint that fails to comply with Rule 8 or to otherwise state a claim. The complaint identifies various factual allegations related to Plaintiff's purchase of a car. *See* Docket No. 1-1 at ¶¶ 7-16. Without further elaboration, the complaint then indicates that he is bringing claims under the Truth In Lending Act and the Fair Credit Reporting Act. *See id.* at p. 7.[1] The complaint does not identify which factual allegations match support each of these causes of action, nor does it outline how the factual allegations would meet the elements of these causes of action.

Accordingly, the complaint fails to comply with Rule 8 and fails to state a federal cause of action. Plaintiff will be afforded leave to amend if he believes he can cure these deficiencies.

**III. Conclusion**

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's application to proceed *in forma pauperis* (Docket No. 4) is **GRANTED**. Plaintiff shall not be required to pay the filing fee. Plaintiff is permitted to maintain

---

[1] The Court focuses herein on the federal causes of action because the Court may decline supplemental jurisdiction over any state law claims if Plaintiff fails to state a federal claim. *See, e.g.*, *Hunt v. Anabi Oil Corp.*, 2026 WL 94125, at *2 n.4 (D. Nev. Jan. 12, 2026) (citing 28 U.S.C. § 1367(c)(3) and *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (en banc).

this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

2. The Clerk's Office is **INSTRUCTED** to file the complaint (Docket No. 1-1) on the docket.
3. Plaintiff's complaint is **DISMISSED** with leave to amend. Plaintiff will have until **September 3, 2026**, to file an amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.
4. **Failure to file an amended complaint by the deadline set above will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

Dated: August 12, 2026

Nancy J. Koppe
United States Magistrate Judge